**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SOTHEARA MINN**, on behalf of himself and others similarly situated, | **:** |
| | **:** |
| | **:**  **CASE NO. 2:25-cv-10** |
| Plaintiff, | **:** |
| | **:**  **JUDGE** |
| v. | **:** |
| | **:**  **MAGISTRATE JUDGE** |
| **MARS PETCARE US, INC.,** | **:** |
| c/o CT Corporation System | **:**  **JURY DEMAND ENDORSED HEREON** |
| 4400 Easton Commons Way, Suite 125 | **:** |
| Columbus, OH 43219 | **:** |
| | **:** |
| Defendant. | **:** |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE**
**FAIR LABOR STANDARDS ACT**

Named Plaintiff Sotheara Minn ("Named Plaintiff") individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Mars Petcare US, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.**     **JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a

1

substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II.    PARTIES

### A.    Named Plaintiff

3.    Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

4.    Named Plaintiff was employed by Defendant from approximately 2014 until January 2025.

5.    Named Plaintiff was employed as an hourly, non-exempt employee as defined by the FLSA, most recently in the position of Area Coordinator in Columbus, Ohio.

6.    During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7.    At all times relevant, Named Plaintiff primarily performed non-exempt duties in furtherance of Defendant's business of manufacturing nutritional products for pets.

8.    Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

### B.    Defendant

9.    Defendant Mars Petcare US, Inc., is a foreign corporation that conducts substantial business activities in Ohio, including in the Southern District of Ohio.

10.    At all times relevant, Defendant was and continues to be an entity engaged in commerce or the production of goods within the meaning of 29 U.S.C. § 203(s)(1).

2

11.     Defendant is a manufacturer of nutrition and therapeutic health products for pets such as dogs, cats, horses, and fish. Products Defendant manufactures include pet food, pet treats, and cat litter.[1]

12.     At all relevant times, Defendant has been an "employer" of Named Plaintiff and other similarly situated employees as defined by the FLSA.

13.     Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

14.     Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work at all relevant times. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

15.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

16.     During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

17.     Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales

---

[1] *Mars Petcare*, MARS, https://www.mars.com/our-brands/petcare (last visited January 7, 2025).

made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

19. Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

## III.     FACTS

21. At all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt production/manufacturing employees entitled to overtime.

22. At all times relevant herein, Named Plaintiff and other similarly situated production employees were "employees" as defined in the FLSA.

23. Defendant was and continues to be an "employer" as defined by the FLSA.

24. Named Plaintiff and other similarly situated production/manufacturing employees were required to comply with Food and Drug Administration ("FDA") regulations as a component of their jobs. Donning sanitary clothing and equipment for the purpose of maintaining sanitary conditions and complying with FDA regulations are linked with the job duties of manufacturing and packaging nutritional products.

25. Named Plaintiff and other similarly situated production/manufacturing employees could not perform their work duties unless they wore sanitary clothing and other protective equipment

as required by law.

26.     Therefore, the donning and doffing of sanitary clothing and other protective equipment and other anti-contamination steps are integral and indispensable to the work performed by Defendant's production/manufacturing employees.

27.     Named Plaintiff and other similarly situated production employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

28.     During their employment with Defendant, Named Plaintiff and others similarly situated regularly performed overtime work without compensation.

29.     During their employment with Defendant, Named Plaintiff and other similarly situated production employees were not fully and properly paid for all overtime wages because Defendant maintained an unlawful policy or practice of rounding its employees' hours worked systematically in its own favor ("Rounding Policy").

30.     Defendant generally permitted its employees to clock in up to three minutes before the scheduled start of their shifts[2] but would nevertheless round that time up to the scheduled start of their shifts to the employees' detriment.

31.      Named Plaintiff and other similarly situated production/manufacturing employees would generally clock in three minutes before the scheduled start of their shifts and immediately begin donning sanitary clothing and other protective equipment.

32.     However, because Defendant rounded their clock in times up to the scheduled start of their shifts, Named Plaintiff and other similarly situated production/manufacturing employees were not compensated for this time.

---

[2] Defendant allows its hourly employees to clock in earlier only under preapproved circumstances.

33.     Defendant's application of its Rounding Policy, coupled with the general prohibition against clocking in more than three minutes before the scheduled start of employees' shifts, ensured that employees' time rounded systematically in Defendant's favor. Defendant's policies and practices resulted, over a period of time, in a failure to compensate its employees for all the time they actually worked in violation of the FLSA. *See* 29 C.F.R. § 785.48(b).

34.     Defendant's failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, resulted in unpaid overtime.

35.     Defendant's unlawful Rounding Policy as alleged herein denied Named Plaintiff and those similarly situated production/manufacturing employees compensable overtime hours and compensation they earned.

36.     Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated production/manufacturing employees.

37.     During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

38.     Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

39.     As a result of Defendant's companywide policy and/or practice of rounding its employees' hours worked, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

40.     Defendant possesses and controls necessary documents and information from which Named Plaintiff and other similarly situated employees would likely be able to calculate

6

their damages. Upon information and belief, Defendant failed to record the necessary and required information to determine all of the time that Named Plaintiff and other similarly situated employees spent working.

## IV. FLSA COLLECTIVE ALLEGATIONS

41. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least forty (40) hours of work in any workweek and were subjected to Defendant's rounding policy or practice described herein beginning three (3) years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

42. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

43. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production employees and is acting on behalf of their interests as well as his own in bringing this action.

44. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified

7

of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

45. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. CAUSE OF ACTION

### COUNT I:
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

48. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

49. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

50. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

51. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all hours worked over forty (40) hours in a workweek because of Defendant's policies and/or practices described herein.

52. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

8

53. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

55. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D.      Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E.      Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper.

F.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G.      Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com
        takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

10

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman