**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

```
-------------------------------------------------------X
SOTHEARA MINN, on behalf of              :
himself and others similarly situated,   :   Civil Action No. 2:25-cv-00010-DRC-KAJ
                                         :
            Plaintiff,                    :
                                         :
v.                                       :   DEFENDANT'S ANSWER AND
                                         :   SEPARATE DEFENSES TO
Mars Petcare US, INC.,                    :   PLAINTIFF'S COMPLAINT
c/o CT Corporation System                :
4400 Easton Commons Way, Suite 125       :
Columbus, OH 43219                       :
                                         :
            Defendant.                    :
-------------------------------------------------------X
```

Defendant Mars Petcare US, Inc. ("Mars Petcare" or "Defendant"), by and through by

and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint

("Complaint") of Plaintiff Sotheara Minn ("Plaintiff") in the above-captioned matter by

admitting, denying, or averring as follows.

**ANSWER**

### I. JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

**RESPONSE:**    The allegation in Paragraph 1 states a conclusion of law to which no

responsive pleading is required.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant

employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a

substantial part of the events or omissions giving rise to the claim occurred in the Southern

District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

**RESPONSE:**    The allegation in Paragraph 2 states a conclusion of law to which no responsive pleading is required.

## II.    PARTIES

3.    Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

**RESPONSE:**    Mars Petcare admits only that Plaintiff is an individual, and that Mars Petcare's records reflect that Plaintiff's last known address is in Ohio. Mars Petcare lacks information sufficient to determine Plaintiff's current address and citizenship status and thus specifically denies those allegations.

4.    Named Plaintiff was employed by Defendant from approximately 2014 until January 2025.

**RESPONSE:**    Mars Petcare admits only that it employed Plaintiff from March 10, 2014 to January 6, 2025.

5.    Named Plaintiff was employed as an hourly, non-exempt employee as defined by the FLSA, most recently in the position of Area Coordinator in Columbus, Ohio.

**RESPONSE:**    Mars Petcare admits only that it employed Plaintiff as an Area Coordinator in Columbus, Ohio. The remaining allegations in Paragraph 5 state a conclusion of law to which no responsive pleading is required.

6.    During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

**RESPONSE:**    Mars Petcare admits only that Plaintiff worked a least one workweek of 40 or more hours during his employment with Mars Petcare.

2

7.     At all times relevant, Named Plaintiff primarily performed non-exempt duties in furtherance of Defendant's business of manufacturing nutritional products for pets.

**RESPONSE:**    The allegation in Paragraph 7 states a conclusion of law to which no responsive pleading is required.

8.     Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**RESPONSE:**    Mars Petcare admits only that Plaintiff purports to have signed a form attached as Exhibit A to the Complaint. That form is a written document that speaks for itself. Mars Petcare denies the allegations in Paragraph 8 to the extent that they are inconsistent with the terms of any such written form and/or do not accurately reflect any such written form in part or in entirety and/or to the extent any information in such written form is inaccurate. The remaining allegations in Paragraph 8 state a conclusion of law to which no responsive pleading is required.

9.     Defendant Mars Petcare US, Inc., is a foreign corporation that conducts substantial business activities in Ohio, including in the Southern District of Ohio.

**RESPONSE:**    Denied, because "foreign corporation" is vague and undefined. Answering further, Mars Petcare admits only that it conducts business in Ohio, including Columbus, Ohio.

10.     At all times relevant, Defendant was and continues to be an entity engaged in commerce or the production of goods within the meaning of 29 U.S.C. § 203(s)(1).

**RESPONSE:**    Denied, because "all times relevant" is vague and undefined. Answering further, the allegation in Paragraph 10 states a conclusion of law to which no responsive pleading is required.

11.     Defendant is a manufacturer of nutrition and therapeutic health products for pets such as dogs, cats, horses, and fish. Products Defendant manufactures include pet food, pet treats, and cat litter.

**RESPONSE:**    Mars Petcare admits only that it manufactures nutrition and therapeutic products, such as pet food, pet treats, and cat litter, for animals, including dogs, cats, horses, and fish.

12.     At all relevant times, Defendant has been an "employer" of Named Plaintiff and other similarly situated employees as defined by the FLSA.

**RESPONSE:**    Denied, because "all relevant times" is vague and undefined. Answering further, the allegation in Paragraph 12 states a conclusion of law to which no responsive pleading is required.

13.     Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

**RESPONSE:**    Denied.

14.     Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work at all relevant times. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

**RESPONSE:**    Denied.

15.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

**RESPONSE:**    Denied.

16.    During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

**RESPONSE:**    Denied.

17.    Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

**RESPONSE:**    Denied as stated. Answering further, Mars Petcare admits only that it employs employees that manufacture pet nutrition and health products sold to customers, and that its gross annual revenue meets or exceeds $500,000, exclusive of taxes.

18.    Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

**RESPONSE:**    Denied.

19.    Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

**RESPONSE:**    The allegation in Paragraph 19 states a conclusion of law to which no responsive pleading is required.

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

**RESPONSE:** The allegation in Paragraph 20 states a conclusion of law to which no responsive pleading is required. To the extent a response is required, Paragraph 20's reference to "wage and overtime laws of the United States" is vague and ambiguous, and, therefore Mars Petcare denies the allegation.

### III. ALLEGED FACTS

21. At all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt production/manufacturing employees entitled to overtime.

**RESPONSE:** Denied.

22. At all times relevant herein, Named Plaintiff and other similarly situated production employees were "employees" as defined in the FLSA.

**RESPONSE:** Paragraph 22 states a conclusion of law to which no responsive pleading is required.

23. Defendant was and continues to be an "employer" as defined by the FLSA.

**RESPONSE:** The allegation in Paragraph 23 states a conclusion of law to which no responsive pleading is required.

24. Named Plaintiff and other similarly situated production/manufacturing employees were required to comply with Food and Drug Administration ("FDA") regulations as a component of their jobs. Donning sanitary clothing and equipment for the purpose of maintaining sanitary conditions and complying with FDA regulations are linked with the job duties of manufacturing and packaging nutritional products.

6

**RESPONSE:** The allegations in Paragraph 24 state a conclusion of law to which no responsive pleading is required.

25. Named Plaintiff and other similarly situated production/manufacturing employees could not perform their work duties unless they wore sanitary clothing and other protective equipment as required by law.

**RESPONSE:** The allegations in Paragraph 25 state a conclusion of law to which no responsive pleading is required.

26. Therefore, the donning and doffing of sanitary clothing and other protective equipment and other anti-contamination steps are integral and indispensable to the work performed by Defendant's production/manufacturing employees.

**RESPONSE:** The allegation in Paragraph 26 states a conclusion of law to which no responsive pleading is required.

27. Named Plaintiff and other similarly situated production employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

**RESPONSE:** Denied.

28. During their employment with Defendant, Named Plaintiff and others similarly situated regularly performed overtime work without compensation.

**RESPONSE:** Denied.

29. During their employment with Defendant, Named Plaintiff and other similarly situated production employees were not fully and properly paid for all overtime wages because Defendant maintained an unlawful policy or practice of rounding its employees' hours worked systematically in its own favor ("Rounding Policy").

**RESPONSE:** Denied.

30.     Defendant generally permitted its employees to clock in up to three minutes before the scheduled start of their shifts but would nevertheless round that time up to the scheduled start of their shifts to the employees' detriment.

**RESPONSE:** Denied.

31.     Named Plaintiff and other similarly situated production/manufacturing employees would generally clock in three minutes before the scheduled start of their shifts and immediately begin donning sanitary clothing and other protective equipment.

**RESPONSE:** Denied.

32.     However, because Defendant rounded their clock in times up to the scheduled start of their shifts, Named Plaintiff and other similarly situated production/manufacturing employees were not compensated for this time.

**RESPONSE:** Denied.

33.     Defendant's application of its Rounding Policy, coupled with the general prohibition against clocking in more than three minutes before the scheduled start of employees' shifts, ensured that employees' time rounded systematically in Defendant's favor. Defendant's policies and practices resulted, over a period of time, in a failure to compensate its employees for all the time they actually worked in violation of the FLSA. *See* 29 C.F.R. § 785.48(b).

**RESPONSE:** Denied.

34.     Defendant's failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, resulted in unpaid overtime.

**RESPONSE:** Denied.

8

35.     Defendant's unlawful Rounding Policy as alleged herein denied Named Plaintiff and those similarly situated production/manufacturing employees compensable overtime hours and compensation they earned.

**RESPONSE:** Denied.

36.     Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated production/manufacturing employees.

**RESPONSE:** Denied.

37.     During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

**RESPONSE:** Denied.

38.     Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

**RESPONSE:** Denied.

39.     As a result of Defendant's companywide policy and/or practice of rounding its employees' hours worked, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

**RESPONSE:** Denied.

40.     Defendant possesses and controls necessary documents and information from which Named Plaintiff and other similarly situated employees would likely be able to calculate their damages. Upon information and belief, Defendant failed to record the necessary and

9

required information to determine all of the time that Named Plaintiff and other similarly situated employees spent working.

**RESPONSE:** Denied.

## IV. ALLEGED FLSA COLLECTIVE ACTION

41. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least forty (40) hours of work in any workweek and were subjected to Defendant's rounding policy or practice described herein beginning three (3) years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

**RESPONSE:** Mars Petcare admits that Plaintiff seeks to bring a collective action pursuant to 29 U.S.C. § 216(b) as described in Paragraph 41, but denies that the collective could be properly certified, or that Plaintiff and/or some or all of the others who Plaintiff seeks to represent have viable claims.

42. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

**RESPONSE:** Mars Petcare admits that Plaintiff seeks to bring a collective action pursuant to 29 U.S.C. § 216(b) as described in Paragraph 42, but denies that the collective could be properly certified, that Plaintiff and/or some or all of the others who Plaintiffs seeks to represent have viable claims or are entitled to any damages.

43. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or

10

practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production employees and is acting on behalf of their interests as well as his own in bringing this action.

**RESPONSE:** Denied.

44. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**RESPONSE:** Denied.

45. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

**RESPONSE:** Denied.

V. <u>**CAUSE OF ACTION**</u>

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

**RESPONSE:** Mars Petcare incorporates by reference its preceding responses as if set forth fully herein.

47. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

11

**RESPONSE:** Mars Petcare admits only that Plaintiff seeks to bring a collective action pursuant to 29 U.S.C. § 216(b), but denies that the collective could be properly certified, or that Plaintiff and/or some or all of the others who Plaintiff seeks to represent have viable claims.

48. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

**RESPONSE:** The allegation in Paragraph 48 states a conclusion of law to which no responsive pleading is required.

49. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

**RESPONSE:** Mars Petcare admits only that it employed Plaintiff and other manufacturing employees at its Columbus, Ohio facility, where Plaintiff worked, within three years immediately preceding the filing of Plaintiff's Complaint. The remaining allegations in Paragraph 49 state a conclusion of law to which no responsive pleading is required.

50. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

**RESPONSE:** Denied.

51. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all hours worked over forty (40) hours in a workweek because of Defendant's policies and/or practices described herein.

**RESPONSE:** Denied.

52. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

**RESPONSE:** The allegation in Paragraph 52 states a conclusion of law to which no responsive pleading is required.

53. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

**RESPONSE:** Denied.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

**RESPONSE:** Denied.

55. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

**RESPONSE:** Denied.

VI.     **ALLEGED PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.      Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C.      Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D.      Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E.      Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper.

F.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G.      Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

**RESPONSE:** Mars Petcare denies that Plaintiff and purported collective members are entitled to any relief, including the relief demanded in this "Wherefore" Paragraph, inclusive of subparagraphs A through G.

## **GENERAL DENIAL**

Mars Petcare denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## **SEPARATE DEFENSES**

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.

14

1. The Complaint fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief can be granted against Mars Petcare on behalf of Plaintiff and/or some or all of the purported collective members.

2. The claims of Plaintiff and/or of some or all of the purported collective members are barred, in whole or in part, by the limitation periods applicable to their claims.

3. The claims of Plaintiff and/or of some or all of the purported collective members are barred, in whole or in part, under the Fair Labor Standards Act, during any workweeks in which Plaintiff and/or some or all of the purported collective members worked fewer than forty (40) compensable hours.

4. The claims of Plaintiff and/or the claims of some or all of the purported collective members are barred, in whole or in part, to the extent that they seek to recover "gap time" compensation.

5. The claims of Plaintiff and/or of some or all of putative collective members are barred, in whole or in part, to the extent that such claims have been released, waived, discharged, and/or abandoned.

6. The claims of Plaintiff and/or of some or all of the purported collective members are barred, in whole or in part, to the extent that they require interpretation of a collective bargaining agreement.

7. The claims of Plaintiff and/or of some or all of the purported collective members are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Mars Petcare.

8. To the extent the Court finds any liability (which Mars Petcare denies), Mars Petcare is entitled to a set-off for any amounts already paid in wages to which Plaintiff and/or

some or all of the purported collective members were not entitled, including without limitation, overpayments.

9. The claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, to the extent they did not accurately report their work hours or worked in violation of their supervisors' or managers' instructions.

10. Mars Petcare has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of the Fair Labor Standards Act.

11. The claims of Plaintiff and/or the claims of some or all of the putative class members are barred, in whole or in part, to the extent that such claims are subject to the doctrines of unclean hands, laches, estoppel, and/or set-off.

12. The claims of Plaintiff cannot and should not be maintained as a collective action because the claims fail to meet the necessary requirements for certification.

13. If failure to pay wages to Plaintiff or any purported collective members was unlawful, although such is denied, Plaintiff cannot demonstrate facts sufficient to warrant an award of liquidated damages.

14. The claims of Plaintiff and/or the claims of some or all of the purported collective members are barred, in whole or in part, as to all hours allegedly worked of which Mars Petcare lacked actual or constructive knowledge.

15. Some or all of Plaintiff's claims and/or some or all of the claims of some or all of the individuals he purports to represent are barred, in whole or in part, to the extent that the amount of time for which payment is sought, if unpaid time can be established (which Mars Petcare denies), was *de minimis*.

16

16.     Without waiving its ability to oppose certification and expressly asserting its opposition to the propriety of collective treatment, if the Court does certify a collective action in this case over Mars Petcare's objections, Mars Petcare asserts the foregoing against each and every member of the certified collective to the extent applicable.

**WHEREFORE**, Mars Petcare respectfully requests that this Court dismiss Plaintiff's case with prejudice and enter judgment against Plaintiff.

Dated:  February 7, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Doriyon Glass*
Doriyon Glass (Ohio Bar No. 98149)
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  +1.202.739.3000
Facsimile:  +1.202.739.3001
Email: doriyon.glass@morganlewis.com

Michael J. Puma (*pro hac vice forthcoming*)
2222 Market Street
Philadelphia, PA  19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.4600
Email: michael.puma@morganlewis.com

Jason J. Ranjo (*pro hac vice forthcoming*)
502 Carnegie Center
Princeton, NJ 08540
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701
Email: jason.ranjo@morganlewis.com

*Attorneys for Defendant Mars Petcare US, Inc.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February 2025, a true and correct copy of the foregoing document was filed electronically with CM/ECF system, which caused notification of such filing to be sent to the following counsel of record:

Matthew J.P. Coffman
Adam C. Gedling
Kelsie N. Hendren
Tristan T. Akers
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964

*Counsel for Plaintiff Sotheara Minn*


*/s/ Doriyon Glass*
Doriyon Glass